This was an application to admit to probate the will of Luis Peralta, deceased. Oppositions to the probate of the will were filed by a large number of the heirs at law of the testator, and a number of issues of fact joined, principally relative to the mental condition of the testator at the time of the execution of the will, and alleged coercion employed to obtain its execution, which were transmitted to the District Court of the Third District for trial.
On the trial the petitioners called as a witnesses James Alexander Forbes, one of the subscribing witnesses to the will. The contestants objected to his competency, on the ground of interest in the property claimed to be devised by the will.
In support of the objection, the contestants offered in evidence certified copies from the County Recorder's office of various deeds from the devisees under the will to Forbes, purporting to convey the land devised absolutely to him; also a [355] covenant of warranty made by Forbes to E. *L. Sullivan, by which the former agreed to warrant and defend the title of the latter to certain town lots bought by him, and included in\the tract, against the claims of the contestants. These deeds were objected to by the petitioners, and excluded, but the objection was afterwards withdrawn, and they were admitted in evidence. Forbes was then examined on his voir dire, and testified that he had taken deeds from the petitioners merely as their agent, and because of their incompetency to transact business; that he was not interested in the land to the extent of one dollar; that he was fully indemnified against loss on his covenant of warranty to Sullivan, by Antonio M. Peralta, the devisee, on whose behalf, though in Forbes' name, the warranty was made. That besides a written undertaking of indemnity from A.M. Peralta, the witness had received $20,000 of the money arising from sales of land, which he held as a further indemnity, and with which he was satisfied. On this testimony, and the documentary evidence, the contestants moved to exclude the witness, which motion was granted by the Court, the petitioners duly excepting. The several issues being tried before a jury, and a special verdict rendered that the testator was not in his sound mind at the date of the execution of the will, the petitioners moved for a new trial, which was denied, and the case was sent back to the Probate Court, where judgment was rendered denying the prayer of the petitioner, who thereupon appealed.