RETIAH D. JONES, *Guardian, Appellant from decree of Judge of Probate, versus* DANIEL LARRABEE, *Executor.*

The word "disinterested" was inserted in the Statute of Wills, (R. S., 1857, c. 74, § 1,) to prevent the changes in the law of evidence applying to their attestation.

It is there used in opposition to the word "interested" as applicable to a witness.

A will is duly attested, notwithstanding one of the attesting witnesses is named therein as executor.

ON EXCEPTIONS.

This was an appeal from a decree of the Judge of Probate for Androscoggin county, allowing and approving the last will and testament of Walter Jordan, deceased.

The will was attested by James Weymouth, Sargeant Whittum and John L. Jordan, and was dated Nov. 15, 1858.

James Weymouth was named in the will as executor, and John L. Jordan was the brother of the testator.

The reasons of appeal were:—that the will was not executed in the presence of three disinterested and credible witnesses; and that the will was void because it was not executed in conformity to the provisions of the statute.

The presiding Judge ruled, *pro forma,* that the will was duly executed and affirmed the decree of the Judge of Probate; and the appellant excepted.

*N. Morrill,* for appellant.

At the time of the date of the will, and the decease of

said Walter Jordan, the R. S. of 1857, c. 74, § 1, was in full
force and not repealed, which, among other things, requires
that a will shall be subscribed, in the presence of the testator,
by three *disinterested* and credible attesting witnesses.

Whether a will is properly executed, is to be decided ac-
cording to the laws of the State in which the property is,
that are in force at the date of its execution.    U. S. Dig., vol.
3, tit. Wills, § 27 & 28, page 670; *Kerr* v. *Moore,* 9 Whea-
ton, 566; *Mullen* v. *McKelvey,* 5 Watts, 399; U. S. Dig., vol.
14, tit. Wills, § 56, page 593; *Doane* v. *Hadlock,* 42 Maine,
72.

The competency of an attesting witness to a will relates
to the time of the attestation, and must be determined upon
the state of facts existing at that time.    U. S. Dig., (supple-
ment,) vol. 5, tit. Wills, § 141, page 952; *Taylor* v. *Taylor,* 1
Richardson, 531; *Patten v. Tallman,* 27 Maine, 17.

John L. Jordan was not a *disinterested* witness.

The word *" disinterested,"* as used in the statute referred to,
(R. S., c. 74, § 1,) will admit of, and can have only such defi-
nition and signification as is provided by law, and that defi-
nition and signification is fixed by the R. S. of 1857, c. 1,
§ 22, and it is not perceived how courts can be authorized to
consider it as having any other meaning.    By doing so, it is
respectfully urged, they must disregard the provisions of that
section.

The word *" credible,"* as applied to attesting witnesses to
wills, has, by numerous decisions, been held to mean *competent,*
according to the laws in force at the time of attestation, and
the word *" competent"* means *" having necessary legal qualifica-
tions."*    Worcester's Dictionary; *Hawes* v. *Humphrey,* 9 Pick.,
350; *Haven* v. *Hilliard,* 23 Pick., 10.

The appellant in this case further contends, that James
Weymouth, one of the attesting witnesses to the will, was an
incompetent witness, because he was named as one of the ex-
ecutors of the will, and, although he relinquished his trust as
executor, after the will was filed for probate, yet the statute
does not provide any remedy, in cases of this kind, by which

he could purge himself from any interest, so as to be made a legal witness; but, on the contrary, the R. S. of 1857, c. 82, § 80, seems to establish the position here taken. 1 Greenl. Ev., 394; U. S. Dig., vol. 10, tit. Wills, § 50, page 436.

If it is contended that "disinterested" means *not pecuniarily interested,* the answer is, that the statute (c. 1, § 22) expressly provides that, when a person is required to be *disinterested,* a relationship to either of the parties, within the sixth degree, will disqualify.

*Fessenden & Frye,* for appellee.

Separate opinions were delivered by APPLETON, J., and GOODENOW, J.

Opinion by

APPLETON, J.—By R. S., 1857, c. 74, § 1, wills to be valid must be subscribed in the presence of the testator " by three disinterested and credible attesting witnesses."

By "credible witnesses," in the statute of wills, is meant competent witnesses. *Hawes* v. *Humphrey,* 9 Pick., 350; *Haven* v. *Hilliard,* 23 Pick., 10.

The objection taken to the due attestation of the will in question mainly relied upon, is, that John L. Jordan, one of the attesting witnesses, was the brother of Walter Jordan the testator.

It is urged that " disinterested" means more than the mere absence or negation of pecuniary interest on the part of the attesting witness to the will sought to be approved, and that the same construction is to be given to the meaning of the word in R. S., 1857, c. 74, § 1, as is established in the chapter defining the rules of construction, c. 1, § 22, and that, consequently, the subscribing witness being within the degrees of kindred therein specified, was not a competent witness, and that the will not having been duly attested is void.

The rule of construction referred to is in these words:— " when a person is required to be disinterested or indifferent in a *matter* in which *other persons* are interested, a relation-

ship to *either* of such persons by consanguinity or affinity within the sixth degree by the rules of the civil law or within the degree of second cousin inclusive, *except by the written consent of the parties,* will disqualify."

The question to be determined is whether the attestation of a will is one of those *matters* " in which other persons are interested," in which the attesting witness is required to be disinterested or indifferent within the meaning given to the words in R. S., 1857, c. 1, § 22.

The words disinterested and indifferent are both used. The *matters* in which disinterestedness and indifference are required are of a judicial character, where impartiality is required on the part of the person acting, as in case of magistrates, jurymen, appraisers, commissioners, &c. The authorities referred to in the margin are of this description. In *Spear* v. *Robinson,* 29 Maine, 531, the justice of the peace, before whom the writ was returnable, was held not to be disinterested or indifferent within § 22, because he had married a sister of the plaintiff. In *Bard* v. *Wood,* 30 Maine, 155, it was decided that a magistrate related to the parties within the prohibited degree could not hear the disclosure of a poor debtor, though he was equally related to debtor and creditor, without their consent. In *Hardy* v. *Sprowle,* 32 Maine, 310, the same rule of disqualification was held applicable to a juryman, and the verdict was set aside on account of the relationship of one of the jurors to one of the parties to the suit. When the rights of others are to be determined, the statute requires that those by whom they are to be decided should be disinterested and indifferent.

The " matter in which other persons are interested" is one to which there are parties to whom is given the power to remove this disqualification by their " written consent." The will is an instrument in which the testator's interest will have ceased when it becomes effective. As long as he lives, it is ineffectual to pass a title or confer rights. It is only effective when death intervenes. The testator is not a party interested within the purview of this section. The statute

refers to persons interested, to parties adverse in interest, to "*either*" of whom the relationship of "the person required to be disinterested or indifferent" in the matter in question will operate as a disqualification. The testator is not a party whose rights may be in jeopardy and from whom "written consent" is to be obtained.

Neither are the devisees or legatees under the will the parties whose "written consent" is to be given. They may not be, and usually are not known to the attesting witness. The necessary implication from the section is, that those who are to consent are present, conusant of the matters in which they are interested, and, consequently, may give or withhold "their written consent" as they deem expedient. But the legatees and devisees are not thus present, nor ready to give their consent.

By the common law, interest, on the part of a witness, was a ground of exclusion. As the term "credible" was held to mean "competent," all the grounds of exclusion known to that system of jurisprudence, as interest, infamy, &c., were included in the term "incompetent." When the rules of evidence were altered by the Legislature, interest was no longer a reason for the exclusion of testimony. While the Legislature, by R. S., 1857, c. 82, § 78, affirmed the previous alteration of the law as to interested witnesses, they did not deem it expedient to abrogate the common law on the subject of evidence with respect to wills. Hence, by § 80 of the same chapter, it is provided, that "nothing in section seventy-eight shall in any manner affect the law relating to the attestation of the execution of last wills and testaments, or of any other instrument which by law is required to be attested." To give further effect to this idea, and to remove all doubt, the word "disinterested" was inserted in c. 74, § 1, on wills. It is there used as opposed to interested when applied to a witness by the common law, and in that sense only.

Relationship, to either of the parties to a suit, is deemed, by the civil law, a sufficient reason for the exclusion as a witness of a person so related.

But such is not the common law. The rude and exclusionary rules of a barbaric age are every where giving place to the increasing intelligence and refined civilization of modern society, and it cannot for a moment be imagined that the Legislature, which has reënacted the needed and important changes already made in the law, by which interest, whether of a party or a witness, has ceased to be a ground of incompetency, would introduce for the first time the more rigorous and restricted principles of the civil law.

The attesting witness is not a person required to be disinterested and indifferent, within the meaning of R. S., 1857, c. 1, § 22. The attestation of a will is not a "matter" in which, nor are the testators, devisees or legatees parties by whom, the written consent referred to in the section, is to be given.

It is next objected that James Weymouth was not a competent witness, because he was named one of the executors in the will, notwithstanding he has relinquished his trust. It was determined, in *Sears* v. *Dillingham*, 12 Mass., 358, that a will to which the executor therein named was an attesting witness may be proved by the other witnesses. The executor was a credible witness, within the statute, at the time of his attestation. In England, an executor, or trustee, who takes no beneficial interest under the will, is held a competent witness. 3 Starkie's Ev., 1690; *Bettison* v. *Bromley*, 12 East, 250. In Scotland, where the executor was one of the attesting witnesses, it was held that " the testament was null as to his appointment, though it would stand in other respects." Tait on Evidence, 84.  *Exceptions overruled.*

CUTTING, and KENT, JJ., concurred.

Opinion by

GOODENOW, J.—This case came into this Court by appeal from a decree of the Judge of Probate, approving and allowing the will of Walter Jordan.

The will bears date November 15, 1858. Walter Jordan

died in the month of November or December, 1858. It was presented for probate in May, 1859. It was attested by James Weymouth, Sargeant Whittum and John L. Jordan. James Weymouth was named one of the executors and relinquished or declined the trust after said will was presented for probate, and before it was approved.

John L. Jordan was an own brother of said Walter Jordan, the testator, but not a legatee or devisee. It is contended, by the appellant, that James Weymouth and John L. Jordan were not "disinterested" witnesses at the time said will purports to have been executed, and that the same is therefore void.

The Judge, presiding at *Nisi Prius*, ruled as matter of law, that both witnesses were disinterested, and affirmed the decree of the Judge of Probate and ordered the case remanded. To all which the appellant excepts.

"The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action." "It must be a present, certain and vested interest, and not an interest uncertain, remote and contingent." 1 Greenl. Ev., § 390.

The word "disinterested," as used in the statutes, R. S., c. 74, § 1, could not have been intended to make the great change in the rule of evidence contended for by the appellant. The interest of James Weymouth, who was named as executor, at most, was uncertain, remote or contingent. It was never vested, as he declined the trust, before he testified. John L. Jordan, the brother of the testator, never had any pecuniary interest in the will, as he was neither a devisee or legatee; and could not, in any event, claim as heir, as the testator left children. *Exceptions overruled.*

Tenney, C. J., and Davis, J., concurred.