[L. A. No. 8728. In Bank.—December 28, 1926.]

In the Matter of the Estate of ALMA HAUPT, Deceased. EDWARD PAUL HAUPT et al., etc., Appellants, v. SOPHIA LINDAHL et al., Respondents.

[1] ESTATES OF DECEASED PERSONS — PETITION FOR REVOCATION OF PROBATE OF WILL—EVIDENCE.—In this proceeding for the revocation of the probate of a will, it is held that the trial court exercised a reasonable control over the examination of witnesses, and that although certain rulings excluding evidence, standing alone, might properly be held erroneous, when considered in the light of the evidence elsewhere admitted they were not prejudicial.

[2] ID.— ALLEGED FRAUD AND UNDUE INFLUENCE — INSUFFICIENCY OF EVIDENCE.—It is held in this proceeding for the revocation of a will that there is nothing in the evidence that even tends to savor of fraud or undue influence and that the uncontradicted evidence was ample to establish that the will as executed was in complete accord with the decedent's wishes and expressed desires.

[3] ID.—WITNESSES—OFFICIAL OF BANK.—The mere fact that the decedent was a customer of a bank which was appointed as executor of her estate, and of which a witness to the will was an official, would not support an inference of undue influence in the execution of the will.

[4] ID.—TESTAMENTARY CAPACITY—EVIDENCE.—It is held in this proceeding for the revocation of the probate of a will that the contention that the presumption of sanity of the testatrix was overcome by substantial evidence and that the issue of testamentary capacity should therefore have been submitted to the jury for determination cannot be sustained.

[5] ID.—SUBSCRIBING WITNESSES — QUALIFICATION OF EXECUTOR.—A person named as executor in a will may properly serve as a subscribing witness, and the fact that a bank is appointed as executor of a will and to act as trustee of the estate after final distribution does not disqualify employees of the bank from being subscribing witnesses to the will.

---

(1) 4 C. J., p. 1004, n. 63.    (2) 40 Cyc., p. 1165, n. 87.    (3) 40 Cyc., p. 1169, n. 13.    (4) 40 Cyc., p. 1022, n. 19, p. 1023, n. 29, p. 1331, n. 42.    (5) 40 Cyc., p. 1113, n. 74, p. 1114, n. 80.

4. See 26 Cal. Jur. 637.

5. Executor of will as subscribing witness, note, 15 Ann. Cas. 789. See, also, 26 Cal. Jur. 785; 28 R. C. L. 136.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lewis & Fleming and John M. Martin for Appellants.

O'Melveny, Millikin, Tuller & Macneil, Lovett & Hervey and Mott & Vallee for Respondents.

SHENK, J.—This is an appeal from a judgment of the superior court in and for the county of Los Angeles denying and dismissing the petition of the appellants for the revocation of the probate of the will of Alma Haupt, deceased.

The petition contained four counts. In substance it was alleged that the testatrix was without testamentary capacity at the time the will was executed; that its execution was procured by fraud and undue influence; that the testatrix did not know the contents of the will at the time of its execution, and that the will was not lawfully witnessed. After hearing the evidence on behalf of the appellants the trial court dismissed the petition without submitting the issues involved therein to the jury and the judgment was entered in accordance therewith.

The decedent died in the county of Los Angeles on May 25, 1922, leaving as her only heirs at law, a son, William Frederick Haupt, a daughter, Norma Haupt, and the appellants, who are the minor children of a predeceased son. By the terms of her will, bearing date April 17, 1922, the testatrix made certain specific bequests and devised and bequeathed the remainder of her estate to the respondent bank in trust for certain specified purposes. The seventh clause of said will expressly declared that the testatrix purposely omitted to make provision therein for the appellants.

[1] The first contention advanced by the appellants is that: "The trial court erred in its refusal to admit competent evidence which refusal was prejudicial to the rights of the petitioners and appellants." Hereunder it is urged that error was committed by the court in sustaining objections interposed by respondents to certain questions pro-

pounded by appellants and covered by exceptions numbered 1 to 64. We are in accord with the appellants' concession that "it is impracticable to discuss each ruling separately." For like reason it is impracticable for us to pass upon each ruling separately. We have examined all of the rulings complained of. Many of them, standing alone, might properly be held erroneous, but when considered in the light of the evidence elsewhere admitted they are not prejudicial. The trial court very rigidly confined the examination of witnesses upon the issue of the decedent's mental capacity to those limits prescribed and enunciated by this court upon innumerable occasions. Taken as a whole the court exercised a reasonable control over the examination. (Sec. 2044, Code Civ. Proc.)

[2] It is next urged that the execution of the will was procured through fraud and undue influence. In support of this claim it is stated that the decedent at the time of the execution of the will was in poor physical and mental condition; that she did not know whether she was signing the original draft of the will or a corrected copy thereof; and that the witness Spence, being the vice-president of the respondent bank, had "tremendous influence" over its customers, of whom the decedent was one. From an examination of the evidence we feel no hesitancy in stating that there is nothing therein that even tends to savor of fraud or undue influence. The appellants' contention that the failure of the witness Spence to inform the decedent whether her suggested changes in the original draft of the will had been made supports the charge of fraud cannot be sustained. After testifying that the decedent requested certain changes to be made in said original draft, the witness Spence testified that he took the redrafted will to her and that he and decedent read it over together; that thereafter no changes were suggested or made, and that the will as redrafted was executed. This uncontradicted evidence was ample to establish that the will as executed was in complete accord with the decedent's wishes and expressed desires. The claim of fraud is without merit.

Nor is there anything in the record which tends to show that decedent would have executed a different instrument had the witness Spence not assisted her in its preparation

and execution. As declared in *Estate of Perkins,* 195 Cal. 699 [235 Pac. 45] : "There is an utter lack of any proof of pressure brought to bear upon the testatrix which over-powered her mind and overcame her volition at the very time the will was made. (*In re Rick's Estate,* 160 Cal. 450 [117 Pac. 532].)" [3] The mere fact that the decedent was a customer of the respondent bank, of which the witness Spence was an official, would not support an inference of un-due influence.

[4] As a third ground of appeal the appellants contend that the trial court erred with reference to the "law of the case." It is urged that the presumption of sanity was over-come by substantial evidence and that the issue of testa-mentary capacity should therefore have been submitted to the jury for determination. With this contention we are not in accord. The case of *Estate of Perkins, supra,* contains a concise but complete statement of the law bearing upon the question of testamentary capacity. Applying the principles announced in that case the conclusion is inescapable that the contestants failed to sustain the burden of establishing the fact that at the time of the execution of the will the tes-tatrix was of unsound mind. Considering the evidence introduced on behalf of the appellants in a light most favor-able to their contention it cannot be said that it is sufficient to establish that on April 17, 1922, the day upon which the will was executed, the decedent was affected with general testamentary incapacity or was suffering from such insane delusions that she was not on that day familiar with the extent of her property, did not know those who would be the natural objects of her bounty, or that she did not know and understand the nature of the act in which she was then engaged. (*Estate of Dolbeer,* 149 Cal. 227 [9 Ann. Cas. 795, 86 Pac. 695] ; *Estate of Purcell,* 164 Cal. 300 [128 Pac. 932] ; *Estate of Collins,* 174 Cal. 663 [164 Pac. 1110] ; *Estate of Presho,* 196 Cal. 639 [238 Pac. 944].) A careful survey of the record reveals that it is devoid of all evi-dence which would tend to support either a claim of fraud, undue influence, or testamentary incapacity, and the trial court therefore was not in error in dismissing the petition for revocation of probate as to said issues without submitting them to the jury. If the cause had been submitted to the

jury and a verdict favorable to the contestants had been returned on any or all of said issues it would have been the duty of the court, under the evidence, to have set aside the verdict.

[5] Appellants urge as their final ground of appeal that the will in question was not properly witnessed. The claim is that the bank, as executor and trustee of the decedent's estate, had a beneficial and financial interest therein which disqualified its employees from witnessing the will. This contention is based on the assertion that a person named therein as executor may not witness the execution of a will and that if the executor may not act in that capacity the employees of the executor may not so act. It has been held that a person named as executor may properly serve as a subscribing witness (*Baker* v. *Bancroft,* 79 Ga. 672 [5 S. E. 46]; *Jones* v. *Larrabee,* 47 Me. 474; *Sears* v. *Dillingham,* 12 Mass. 358; *Stewart* v. *Harriman,* 56 N. H. 25 [22 Am. Rep. 408]). Page on Wills, section 199, states that: "The reasons given by the older cases for holding an executor to be incompetent [as a subscribing witness] have been entirely abandoned by the courts. His commissions are looked upon as merely a compensation for services rendered, and as giving him no financial interest in the probating of the will. . . . Accordingly, it is now held by the great weight of modern authority that an executor has, at the time of the execution of the will, no such beneficial interest thereunder as renders him incompetent." This view found early expression in this state (*Panaud* v. *Jones,* 1 Cal. 488, 506; *Estate of Egan,* 6 Cof. Prob. Dec. 28, 30).

The respondent bank was also appointed by the will to act as trustee after final distribution. The superior court retains jurisdiction over the trust estate after distribution for the purpose of the settlement of the accounts of the trustee (sec. 1699, Code Civ. Proc.), and on such accounting the trustee is allowed only such compensation as the court may deem just and reasonable (sec. 1700, Code Civ. Proc.). Compensation which the respondent may receive as executor is also provided for by statute (sec. 1618, Code Civ. Proc.), and it will receive the same as compensation for services rendered and not as an interest in the estate by will or by succession (*Estate of Simonton,* 183 Cal. 53 [190 Pac. 442]). In an

early case it was held that a subscribing witness is not rendered incompetent as a witness by holding lands in trust for a devisee (*Peralta* v. *Castro*, 6 Cal. 354).

It was shown that the subscribing witnesses herein were employees of the respondent bank. They were known to the decedent and were requested to act at her suggestion. When the executor and trustee has no further interest than the compensation for acting as such he is not thereby rendered incompetent to act as a subscribing witness, and it would follow that the employees of such executor and trustee would not be incompetent. Assuming that an executor or trustee had a disqualifying interest by reason of some discretionary powers exercisable under the terms of the will, still, when, as here, it does not appear that the subscribing witnesses were stockholders or officers of the respondent their interest as employees would seem to be in no sense proprietary and would be too indefinite, uncertain, remote, and contingent to affect their competency as witnesses (*Peralta* v. *Castro*, *supra*).

The judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Waste, C. J., Sullivan, J., and Preston, J., concurred.