[Civ. No. 6645. First Appellate District, Division Two.—April 2, 1929.]

In the Matter of the Estate of ANNA CASASSA, Deceased. FRANK A. CASASSA, Appellant; ARMAND CASASSA et al., Respondents.

Walter A. Dold and Pembroke Gochnauer for Appellant.

Brobeck, Phleger & Harrison for Respondents.

STURTEVANT, J.—Anna Casassa died testate at San Francisco on the fourteenth day of December, 1925. Her will was admitted to probate and later one of her sons, Frank A., filed a petition asking that the probate be revoked. He named his brothers Armand and Louis and his sister Louise as defendants and they appeared and filed answers. A trial was had in the lower court before the court sitting with a jury. After the contestant had put in his case the proponents made a motion for a nonsuit. The motion was granted and the contestant has appealed.

As something is said in the briefs concerning unnatural wills it should be noted at this time that the decedent by her will transferred all her property to her children. The contestant was given $2,000, another son was given $5,000, still another son was given $1,000, and the remaining portion was divided into four parts, one-fourth given to each of the four remaining children. Not a dollar was given to any person, natural or artificial, outside of the members of the family. The contestant concedes that the brother who received only $1,000 had been generously remembered in the will of the father, who died only two years before. The son who received $5,000 makes no complaint. The case stands thus: A son who received $2,000, whereas other brothers and sisters each received $7,500, presents the claim of "an unnatural will." We think the expression has no application to the facts. To say that a testator may not give to one legatee selected from a certain class more than he gives to another legatee selected from the same class is, in legal effect, to say that a testator has no right to make a will. (*Estate of Shay,* 196 Cal. 355 [237 Pac. 1079].)

The plaintiff pleaded his case in five separate counts: (1) Nonexecution of the will; (2) decedent was of unsound mind; (3) the will was the product of undue influence; (4) and (5) in framing her will the decedent was acting under artifices of fraud practiced upon her. The first count was dismissed by the plaintiff. As to the fourth and fifth counts, there was not a particle of evidence introduced. It

remains for us to consider the ruling as applicable to the second and third counts.

■ We take up first the count alleging that the decedent was, at the time she made her will, of unsound mind. In doing so we will bear in mind at all times the contention which the plaintiff makes most vigorously, namely, that in ruling on a nonsuit the power to weigh evidence does not obtain as it does on a submission of the cause. Moreover, we will confine our consideration to the evidence printed in the appellant's brief, as we are entitled to assume that he has made the statement as favorable to himself as the record will permit. The plaintiff called a large number of witnesses, fourteen or more. With one single exception all of these witnesses were descendants of the decedent. By the witnesses so called the plaintiff introduced evidence that the decedent made her will a short time before her death and that both before the date the will was made and continuously thereafter until the death of the decedent she was weak, drowsy, uncommunicative, eccentric, miserly, spoke in broken sentences, called perfectly good phosphates "poison stickers," and that at times she was absent-minded and of short memory. On one or more of these elements the plaintiff introduced the evidence of two or more witnesses. The foregoing statement includes all of the evidence introduced by the plaintiff on her second cause of action. The amount and the nature of the proof which the plaintiff was called upon to introduce was quoted with approval in *Estate of Dole,* 147 Cal. 188, 192 [81 Pac. 534, 536], as follows: "The soundness of mind required for making a will has relation to the act of the testator in making final disposition of his property as he desires. Although feeble in health, suffering under disease, aged and infirm, the testator, if of sound mind with reference to the disposition of his property, may make a will. If he is able to understand and carry in mind the nature and situation of his property and his relations to his relatives and those around him, with clear remembrance as to those in whom, and those things in which, he has been mostly interested, capable of understanding the act he is doing, and the relation in which he stands to the objects of his bounty, free from any delusion, the effect of disease, which might lead him to dispose of

his property otherwise than he would if he knew and understood what he was doing, he has the capacity to make a will." (See, also, *Estate of Smith*, 200 Cal. 152, 158 [252 Pac. 325].) If, in the instant case, the trial court had refused to grant the motion for a nonsuit and had submitted the case to the jury and the jury had brought in a verdict for the plaintiff, it is patent that the verdict must necessarily have been set aside because the evidence was insufficient. One of the leading cases governing the power to grant or refuse a nonsuit is *Downing* v. *Murray*, 113 Cal. 455 [45 Pac. 869]. Speaking on that subject, at page 463 [45 Pac. 872], the court said: "With respect to this matter it is sufficient to say that, with a jury present, the judge should grant a nonsuit where a verdict in favor of plaintiff should be set aside for want of evidence to support it, and, in the absence of a jury, where the evidence is insufficient to support a judgment for plaintiff. The judge of the court below is presumed to have acted on this principle, and to have concluded that the evidence was thus insufficient, and there is no reason for holding that he abused his discretion in coming to that conclusion." Mrs. Casassa was presumed to be of sound mind. When her will was admitted to probate, the order admitting it, although not conclusive, was nevertheless presumed to correctly determine and set forth the rights of the parties. The plaintiff undertook to introduce evidence to break down the foregoing presumptions and to show that the decedent at the time she made her will was of unsound mind. He wholly failed to do so.

Turning to the third cause of action, undue influence, the plaintiff introduced a declaration made by the defendant Louise Baer, and a declaration made by the defendant Armand Casassa. Those declarations, standing alone, as they did, did not make a *prima facie* showing against either one of the defendants. (*Estate of Rickey*, 64 Cal. App. 733 [222 Pac. 628].)

Still addressing ourselves to the count on undue influence, the plaintiff introduced a declaration made by the decedent. While that declaration was properly introduced when the four counts were on trial, it was not competent evidence against the defendants to prove they had exercised

undue influence. (*Estate of Calkins,* 112 Cal. 296, 301 [44 Pac. 577].)

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.