[Civ. No. 7813. First Appellate District, Division One.—May 20, 1931.]

In the Matter of the Estate of MARY C. DONOVAN, Deceased. MAE TALBOT et al., Appellants; ANN J. FINNEY, Respondent.

Joseph Farry and John O'Gara for Appellants.

Peter J. Crosby, Thomas J. Straub and Ford & Johnson for Respondent.

TYLER, P. J.—Appeal from an order admitting a will to probate.

The testatrix died testate on October 3, 1928, in Alameda County, leaving an estate of the approximate value of $10,000. The surviving heirs are her five children, all of whom are parties to this action. The will was filed by Ann J. Finney, one of the daughters of the testatrix. Mae Talbot, Lottie Theakston, Rena Jolly and William Donovan,

the other four children, filed a contest. Admission of the will to probate was opposed upon the grounds of lack of due execution and undue influence. The issue of lack of due execution was withdrawn and on motion of the proponent, the court made its order granting a nonsuit on the issue of undue influence. Motion for a new trial was made and denied. This is an appeal from the judgment.

The sole question here presented is whether or not there is evidence in the record, viewed in the light most favorable to contestants, which would warrant the jury in concluding that the contested instrument was the product of the uncontrolled mind of the testator. As the correctness of the ruling of the court depends upon the evidence offered by the contestants, it becomes necessary to review the same.

■ Preliminarily it may be stated that in determining whether or not in a proceeding to consider a will the evidence is sufficient to require its submission to the jury, the same rules apply as in civil cases. Every possible inference fairly deducible and every favorable presumption fairly arising from the evidence produced must be considered as facts in favor of the contestants. All of the evidence must be taken as true, and if contradictory evidence has been received, it must be disregarded. (*Estate of Arnold,* 147 Cal. 583, 586 [82 Pac. 252].) ■ It is equally well established, however, that a motion for a nonsuit should be granted whenever it would be the duty of the trial court to set aside the verdict of a jury against the validity of the will. ■ A finding of undue influence cannot be based upon mere surmise or conjecture. In the absence, therefore, of substantial proof, the issue must be withdrawn from the jury and under such circumstances failure of the court to grant a nonsuit will constitute reversible error. (*Estate of Luckenback,* 205 Cal. 292, 301 [270 Pac. 961]; *Estate of Haupt,* 200 Cal. 147 [252 Pac. 597]; *Estate of Casassa,* 98 Cal. App. 97 [276 Pac. 366].)

■ In support of their appeal, appellants claim: First, that the evidence in the case gives rise to a presumption of undue influence; second, that even if no presumption arises therefrom, still the evidence is amply sufficient to make out a *prima facie* case of undue influence. The evidence we are called upon to consider shows that Mary C. Donovan, the testatrix, died on October 3, 1928, at the home of her

daughter Ann J. Finney, the respondent, at Berkeley, California. Prior to becoming a resident of Alameda County she and her husband, John Donovan, who had predeceased her, resided in the town of Lincoln, Placer County. The parties to the appeal are the children of testatrix and her said deceased husband. Mrs. Talbot, Mrs. Theakston and Mrs. Jolly, three of the contestants herein, are her elder daughters and they had all married some time prior to the year 1906 and had left the family home. William Donovan, the other contestant, married and had also left the family home in 1917, but he remained on a ranch owned by his parents in Placer County until the year 1922, when he moved to Alameda County. Mrs. Ann J. Finney, the proponent of the will, the youngest daughter of testatrix, remained with her parents for some time thereafter. She married in the year 1925 and continued to reside in Placer County. In the year 1926 her husband, who is a lawyer, became connected with the legal department of the Pacific Gas and Electric Company at San Francisco and his business compelled his residence at that place. About this time John Donovan, the father, became sick and he required considerable care. Mrs. Finney returned to her parent's home in Placer County, where she assisted her mother in caring for her father during his illness. The father died and after remaining with her mother for a while, proponent returned to her home in San Francisco. After the death of her husband in 1926, testatrix continued to reside in Lincoln until March 17, 1928, when she sustained a broken leg, which required her to be taken to a hospital in Sacramento, where she remained for some ten weeks. Proponent made financial arrangements for her mother during this period. Thereafter she was removed to Berkeley and resided in the same apartment house where proponent and her husband lived. Mrs. Finney employed trained nurses at this time for her mother and also incurred other expenses. In June, 1928, and while still suffering from her injury, testatrix had an attorney call and see her for the purpose of arranging her property affairs. The attorney was connected with the firm of Brobeck, Phleger & Harrison and was telephoned to by proponent's husband, who stated to the attorney that his mother-in-law had some matters which she wished to discuss with him. After consulting with Mrs. Donovan, the attor-

ney ascertained that she desired to convey to Mrs. Finney certain real property in Placer County which she had inherited from her husband's estate. A deed in conformity to her wishes was thereafter prepared and it was executed by her and recorded. Under this conveyance Mrs. Donovan retained a life interest in the property conveyed. In August, 1928, she again sent for the attorney and requested him to prepare her will. Thereafter a will was executed according to her instructions. Under its provisions $50 bequests were made to the three eldest daughters above named, and the sum of $500 and other property was bequeathed to the son, William Donovan. The residue of the estate was devised to the proponent, Ann J. Finney. In the will it is set forth that Mrs. Finney had incurred various medical, hospital and other expenses and had for a considerable period given testatrix care, attention and support. It also recited that testatrix had made various advancements to her other children. These advancements the evidence shows to be extensive considering the value of her estate, which approximates the sum of $10,000. Shortly thereafter Mrs. Donovan died. There is no positive evidence in the record which tends to show that the testatrix executed her will under undue influence, but it is urged by appellants, in support of their claim, that proponent and her husband occupied a confidential relation to the testatrix, who received advice from them upon which she relied and that her act in executing the deed and will was controlled by proponent and her husband through an attorney selected by them. In this connection it is claimed that where a child obtains a transfer from the parent without adequate consideration, such transfer is presumed to be the result of undue influence and will not be allowed to stand, unless the grantor has independent advice from a competent adviser of her own selection after consultation in the absence of the grantee. There is evidence in the record to show that Mr. Finney was present when the attorney drew the conveyance and also when he received instructions from the testatrix relative to the disposition of her estate. There is also evidence to show that proponent was not on friendly relations with her sisters and brother and that this rupture was occasioned by the contestants' actions in opposing the mother's right to take her community interest in her husband's estate.

This hostility and the further circumstances that proponent concealed from contestants all knowledge of the conveyance to her of part of her mother's property prior to the making of her will gives rise, it is claimed, to the presumption of undue influence, for which reason it was error to grant a nonsuit, as the question was one for the jury to pass upon. The selection of an attorney for Mrs. Donovan by the husband of the proponent is further relied on as evidence supporting appellants' contention. We are of the opinion that the evidence is not of that substantial character required to support a claim of undue influence as is necessary to overthrow a solemnly executed will. It is conceded that the testatrix was of sound mind in a legal sense. ■ Proof, to establish undue influence, must be had of a pressure which overpowers the mind and bears down the volition of the testator at the time the will is made. It consists in the exercise of acts or conduct by which the mind of the testator is subjugated to the will of the person operating upon it. (*Estate of Holloway,* 195 Cal. 711 [235 Pac. 1012]; *Estate of Anderson,* 185 Cal. 700 [198 Pac. 407].) ■ Mere proof of opportunity to influence a testator's mind, even when coupled with an interest or motive to do so, will not sustain a finding of undue influence in the absence of testimony showing that there was pressure operating directly on the testamentary act and to such an extent as to affect the terms of the testament. (*Estate of Fleming,* 199 Cal. 750 [251 Pac. 637]; *Estate of Bryson,* 191 Cal. 521 [217 Pac. 525].) ■ It is not sufficient for a contestant merely to prove circumstances consistent with the exercise of undue influence, but, before a will can be overthrown, the circumstances proved must be inconsistent with voluntary action on the part of the testator. (*Estate of Morcel,* 162 Cal. 188 [121 Pac. 733].)

Where the right of testamentary disposition exists, the owner of property should be permitted to say who should be the object of his bounty and this right should not be limited or subjected to the views of others. Whether in the minds of others a will is just or unjust is a matter of opinion and to permit a jury to determine the question without that substantial evidence which the law requires would be to permit a jury to make the disposition irrespective of the desires of a testator.

The evidence here relied upon is not of that substantial character. The record shows that the relationship between the testatrix and her contesting children had not been entirely harmonious since the time of the death of her husband and it further shows that testatrix by her acts long prior to the making of the will had evidenced a desire to favor Mrs. Finney in her benefactions in appreciation of her filial affection. Partiality in favor of proponent under such circumstances, if we assume a partiality exists, does not show undue influence. Considering the substantial advancements made to contestants, and the solicitude shown by proponent for her parent at all times, the act of testatrix in recognizing and rewarding these attentions was only natural. (*Estate of Shay*, 196 Cal. 355 [237 Pac. 1079].) As above stated, there is no positive evidence in the record which indicates in the slightest degree that any domination was ever exercised upon the testatrix. The attorney who drew the instruments received directly from the testatrix information as to all of her desires without a suggestion from proponent or anyone else and he carried out those desires, which it was his duty to do. No attempt at any time was made by anyone to keep the testatrix from seeing or consulting with any of her children. On the contrary, proponent at different times advised the contestants of the condition of their mother and requested that they visit her, but so far as the record shows they did not often avail themselves of the opportunity. Nor does the fact, as claimed, that proponent and her husband selected an attorney for the testatrix and that they were both present when the transactions were had in and of itself constitute undue influence. Considering the helpless condition of the testatrix, someone had to act in her behalf in order to enable her to carry out her desires. (*Estate of Holloway, supra; Estate of Clark*, 170 Cal. 418 [149 Pac. 828]; *Estate of Smith*, 200 Cal. 152 [252 Pac. 325].)

In conclusion it may be stated that we have read the record carefully and we fail to find any evidence which would in any manner indicate any activity on the part of proponent or anyone else to procure the execution of the will. As we have said, the relations between proponent and her mother, though intimate and affectionate, have no significance on the question of undue influence as they raise no

presumption that undue advantage was taken of the testatrix. (*Estate of Ricks*, 160 Cal. 450 [117 Pac. 532].) Such relations were but natural. If the evidence relied upon was to be held to constitute undue influence, few wills would be permitted to stand.

For the reasons given, the judgment is affirmed.

Knight, J., and Ward, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 19, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1931.