### BAKER *vs.* BANCROFT, executor.

1. One of three subscribing witnesses to a will, being named as sole executor, may propound it for probate in solemn form, and on the trial of a *caveat* he is a competent witness, under the code of Georgia, §3854, to prove the execution of the instrument.
2. Not only judgment of probate may be rendered at his instance, but judgment granting him letters testamentary.
3. The usual rule is that, in a court of law, costs are to be paid by the losing party and not out of the estate or fund in controversy. And this rule applies to the present case, there being no motion to apportion the costs.

October 4, 1887.

Wills. Administrators and Executors. Witness. Judgments. Costs. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

HILLYER & BRO., for plaintiff in error.

No appearance for defendant.

BLECKLEY, Chief Justice.

A married woman made her will in 1885, and died. The will disposed of real and personal estate. All the

personalty was given to her daughter; the realty was to be sold, and the proceeds, after paying her debts and the expenses of administration, were to be divided equally between her daughter and her husband. Another person was appointed executor; no legacy or devise was given to him. He was one of the subscribing witnesses to the will; there were only two others. He propounded the will for probate in solemn form, and his application was caveated by the husband. By appeal, the proceeding passed from the court of ordinary to the superior court. It was there tried, and a verdict rendered setting up the will. Judgment was rendered upon that verdict, declaring that the will was the last will of the testatrix, and providing for the granting of letters testamentary to the executor, and for costs against the caveator. A motion was made to set aside the judgment; that motion was overruled.

1. Three points are presented. The first is, that the will having only two witnesses besides the executor, could not be probated at all on his application; that, whether it might be upon the application of others, it could not be upon his; that he could not be both party and witness. A motion was made, some time in the progress of the case, to dismiss it for the want of a proper party as propounder. We hold that he was a competent witness to attest the will. One of three subscribing witnesses to a will, being named as sole executor, may propound it for probate in solemn form, and on the trial of a *caveat* he is a competent witness, under the code of Georgia, §3854, to prove the execution of the instrument. We think it follows from the language of that section, that his interest does not in any way disqualify him from testifying in the case; and we cite *Jones vs. Habersham*, 63 *Ga.* 146; Stewart *vs.* Harrison, 56 New Hamp. Rep. 25; same case, 22 Am. Rep. 408. The requirement of our code, §2414, as to the attestation of wills is, that there shall be three or more competent witnesses; and by §3854, all are competent un-

v. 79-43

less they are excepted in the statute, and there is no exception as to an executor.

2. The next point was, that if he was competent to probate the will and obtain judgment of probate, he was not competent to obtain a judgment granting to himself letters testamentary, upon his own evidence, but that when the will was proved, the ordinary would have to treat it as a case for the appointment of an administrator with the will annexed. We think, for the same reason given before, that not only judgment of probate may be rendered at his instance, but judgment granting him letters testamentary.

3. A third point was as to the costs; and it is very likely that to the extent of the costs that would necessarily have accrued on the executor's application to probate the will, the estate ought to bear the burden; but as to any cost that resulted from resisting the probate, the usual rule ought to apply, and the losing party ought to bear it. The general rule laid down by the code, §3675, is that the party that fails or is cast must pay the costs. An exception may exist to the extent of the costs of probate that would accrue in the absence of litigation. That seems to be indicated by the case of *Varner vs. Goldsby*, 22 *Ga.* 302; but here there was no effort to separate the costs. The question came up in the court below only on a motion to set aside the whole judgment, this being made one of the grounds of that motion; and of course the whole judgment ought not to have been set aside because costs may have been awarded improperly. It would have been enough to modify the judgment, and set it aside as to costs only, but there was nothing of that sort proposed. The usual rule is that, in a court of law, costs are to be paid by the losing party, and not out of the estate or fund in controversy. And this rule applies to the present case, there being in the court below no motion to apportion the costs.

Judgment affirmed.