| 89   73
|130  481

PAYNE, executrix, *v.* MILLER.

1. Error in admitting irrelevant evidence over a party's objection will not require the grant of a new trial when substantially the same evidence had already been admitted without objection.

2. Exceptions in a motion for a new trial to certain charges of the court, these charges being simply referred to as being " embodied and set out in the charge of the court and marked in quotations," will not be considered. The charges complained of should be set forth in the motion itself. *Emery* v. *Atlanta Real Estate Exchange*, last term, and cases cited. 88 *Ga.* 321.

3. The plaintiff's agent is a competent witness as to transactions occurring between himself and the surviving member of a defendant partnership. Acts 1889, p. 85.

4. The evidence warranted the verdict, and there was no error in refusing a new trial.          *Judgment affirmed.*

March 26, 1892. Argued at the last term.

Evidence. Practice. New trial. Witness. Before Judge GUERRY. Randolph superior court. November adjourned term, 1890.

Complaint on an account for a gin, feeder and condenser was brought on October 15, 1887, by O. H. Miller against J. A. & J. B. Payne. The defendants pleaded not indebted, breach of warranty, and recoupment; and they prayed for a rescission of the contract of sale. They alleged that in 1886 they contracted with the plaintiff for an 80 saw gin, feeder and condenser, agreeing to pay the price charged by the plaintiff, with the positive assurance and guaranty on plaintiff's part that the gin was strictly first class and warranted by him to be equal to the Pratt gin which defendants were then using, and to do as good work as any first class gin. Relying on these representations and warranties, defendants received the gin, feeder and condenser and

proceeded to use them for the purposes for which they were bought. To their surprise and damage they found that the gin so sold was of inferior quality, the saws were poor and worthless, and the gin was not by any means first class, nor was it the equal of the Pratt gin, but was almost if not entirely worthless, and defendants could not use it in their business, but were forced to set it aside and rely altogether upon their Pratt gin. By reason of the breach of the guaranty and warranty made by the plaintiff they have been damaged $500, because they could not gin the cotton of the public during the season of 1886 (they at that time operating a public gin and receiving compensation from each person whose cotton they ginned), and they lost large sums by reason of the inferior and almost worthless quality of said gin and its failure to do first class work and to gin the cotton which was brought to them by their customers. They notified the plaintiff promptly that the gin was not such as they had contracted for and as he had guaranteed and represented to them when the sale was being negotiated and perfected; they offered to return the property to him and have ever since been willing and anxious to return it to him, and they now offer to do so; but he has refused to accept it.

Pending the cause one of the defendants died, and his executrix was made a party in his stead. The jury found for the plaintiff, and to the overruling of a motion for new trial exceptions were taken. The grounds of the motion are as follows:

(1) The defendants had been served with written notice to produce the following papers: "Original letters from O. H. Miller to J. A. Payne dated August 29th, 1886. All letters from same to same dated between August 29th, 1886, and September 23d, 1886. Letter from O. H. Miller to J. A. & J. B. Payne, dated September 24th, 1886, and printed circulars sent them,

showing terms of sale of gins, etc., etc. Dispatch from same to same, dated about September 28, 1886. The original guarantee furnished by O. H. Miller to defendants through W. F. Wynne at the time he finished putting up gin, about September 20, 1886. The original of all telegrams sent by defendants to plaintiff, and all other letters written by plaintiff to defendants about said gin in controversy." Over objection of the defendants the court admitted in evidence a printed circular styled "Private instructions to agents." Defendants' counsel on the trial had a similar paper, and stated that he found it among the letters and papers handed him by his client, John A. Payne, deceased, when he employed him to defend this suit. The objections were, that the particular paper objected to was not embraced in the notice, and that it was not proper testimony and was illegal and irrelevant.

(2) Error in certain parts of the charge (see 2d headnote).

(3) The court permitted W. F. Wynne to testify for the plaintiff as to what took place between him and J. B. Payne, but not between him and J. A. Payne. The defendants' objection to his testimony was, that Wynne was the agent of the plaintiff, and J. A. Payne, one of the defendants, was dead.

(4) Verdict contrary to law and evidence.

Hoyl & Parks, by Harrison & Peeples, for plaintiffs in error.

W. D. Kiddoo, contra.