### 548.  COOLEY *v.* BERGSTROM *et al.*

1. The verdict in behalf of the plaintiff was required by the evidence; and' those assignments of error which are approved by the trial judge would: not authorize the grant of a new trial.

2. Where a party to a cause on trial permits, without objection, the intro- duction of irrelevant and inadmissible testimony, the refusal of the court to sustain an objection subsequently urged, to the admission. of

substantially the same evidence as that already admitted, will not work a new trial. The failure to object sooner may be deemed to be a waiver of the objection.

3. Readiness to tender is not equivalent to tender.

4. It is not error for the judge to state to the jury that a fact, which is admitted by either party, is so admitted, provided a correct statement of the admission is made.

5. It appears, even from the excerpts from the charge of the court contained in the motion for new trial, that the contentions of both parties were impartially presented to the jury.

6. The trial judge was justified in not presenting to the jury the defendant's pleas of recoupment, rescission, and failure of consideration, inasmuch as the evidence would not have authorized, in any view of the case, a verdict in favor of the defendant on any one of these pleas.

Complaint, from city court of Atlanta—Judge Calhoun. May 1, 1907.

Argued October 23, 1907.—Decided January 29, 1908.

*Maddox & Sims,* for plaintiff in error.	*W. T. Colquitt,* contra.

RUSSELL, J.	The defendants in error brought an action against the plaintiff in error to recover $175, which they alleged the defendant owed them as an unpaid balance of $200, for which latter sum they sold the plaintiff in error certain roast-beef stand and lunch-counter privileges for the year 1905, and also certain personal property used in carrying on said roast-beef stand and lunch-counter.	Petitioners alleged that the $175 became due upon the signing of the contract by the Ponce de Leon Amusement Company, assenting to the transfer of its privileges to the defendant. The defendant, by plea, set up that the plaintiffs offered to sell him the roast-beef stand and lunch-counter privileges for $200, representing that they owned the house, that is to say, the building in which the stand was located, and also the personal property.	Upon investigation the defendant found that the plaintiffs did not own the house and could not convey title to it, and that they had no right or authority to convey the house or building. He did not know this when he paid the $25; and when he found out that the plaintiffs could not make him title to the building, he refused to go on with the trade.	The defendant did not buy the personal property, and does not want it; and besides, it is worth less than $25, the amount of his money which the plaintiffs have and refuse to return to him.	The personal property is now and always has been subject to the demand of the plaintiffs.

He denied that he got possession of the building from the plaintiffs, and averred that possession was given him by the Ponce de Leon Amusement Company, under a contract with that company. In the ninth paragraph of the answer he further says, he contracted with the plaintiffs for the purchase of the building in which said business was conducted, and also the roast-beef stand and lunch-counter privileges, including the personal property, and that it was expressly contracted that the building itself was to be conveyed by the plaintiffs to him. At the time the trade was entered into, he did not know the real facts as to ownership, but thought that the plaintiffs owned the building, and, under this opinion and their representation that they owned it, he paid them the sum of $25. He alleges, that the plaintiffs still have this $25, and he prays judgment against them for said sum, with interest thereon. He alleges also that when he found out that the plaintiffs did not have title, he refused to have anything further to do with them, and went on with the Ponce de Leon Amusement Company and rented said building and lunch-counter privileges under his contract with said amusement company. Upon the trial the jury found a verdict for the plaintiffs for the amount sued for, with interest. A motion for a new trial was made and overruled; and exception is taken to the judgment overruling the motion.

1. After a careful review of the evidence and the charge of the court, and after a consideration of the seventeen grounds of the motion for new trial, we are satisfied that the court committed no error in refusing a new trial. The evidence in behalf of the plaintiffs proved their case as laid, and was evidently preferred by the jury to the evidence in behalf of the defendant; and while there were some irregularities and minor errors in the trial of the case, the contention of the defendant (now plaintiff in error) was presented by the court to the jury in language much more favorable than he was entitled to, under the pleadings and the evidence. Several of the grounds of the motion are, by the explanatory notes of the trial judge, virtually disputed, and, not being approved, can not be considered. This statement applies to the 6th, 7th, and 8th grounds, where the statement of the court as to what really transpired clearly shows that there is no merit in the assignments of error.

2. The 17th ground of the motion fails to assign error, and can not be considered. But even if the objection, contained in the fifth ground, had been improperly overruled, the plaintiff in error can derive no benefit therefrom, for the reason that the evidence thus objected to had already been admitted without objection. *Daughtry* v. *Savannah and Statesboro Ry. Co.*, 1 *Ga. App.* 393 (3), (58 S. E. 230) ; *Payne* v. *Miller*, 89 *Ga.* 73 (14 S. E. 926) ; *Cox* v. *State*, 64 *Ga.* 376 (9), (37 Am. R. 76).

3. The 9th ground of the motion for new trial complains that the court erred in refusing to allow the defendant to testify that he was ready at all times to tender it back to the plaintiffs. There was no error in this ruling. The testimony at best related merely to the state of mind of the defendant, and did not tend to show that he had ever actually tendered the property back, as would have to be shown, to be relevant to the defendant's plea. The objection to the rejection of the conclusion of the statement of the defendant,—"that is what Mr. Rossman told me,—that Vaughn did not own the building and could not give us any title," —is palpably without merit. The testimony sought was clearly hearsay.

4. The 11th ground of the motion avers that the court erred in charging the jury, "Cooley admits the contract he made with Vaughn, one of the plaintiffs." We find no error in this statement of the court, inasmuch as the evidence in the record shows that the defendant admitted just what the court stated to the jury. It is not error for the judge to state to the jury a fact which is uncontradicted and admitted. The assignment of error in the 12th ground of the motion is practically of the same nature as that in the 11th. The court charged the jury that "the defendant says that when he found out that he could not get the house, he offered to throw up the contract, if the plaintiffs would return him the $25." Cooley swore, "I do not want it with any such trouble or disagreement, and I want my $25 back."

5. The 13th and 14th grounds of the motion complain that the court stressed the plaintiffs' contentions and neglected to fully present defendant's position to the jury. Exception is taken in the 13th ground of the motion to the following statement of the court, immediately succeeding the extract just mentioned, in the 12th ground: "The plaintiffs deny all this." This statement of

the plaintiffs' contention is alleged to be error, because it is unsupported by the evidence in behalf of the plaintiffs. An examination of the charge of the court upon this whole subject, portions of which are quoted in the 12th, 13th, and 14th grounds of the motion, shows that in this portion of the charge the judge was presenting to the jury the contentions of the two parties. He alternately presented the contention of one party and then of the other. The claims of one party were presented as fairly as those of the other. Nothing said by the court can be construed as having any tendency to impress the jury in favor of one side or to the prejudice of the other. The brief of evidence shows that the plaintiffs did deny that the defendant ever offered to *"throw up"* the contract or to return to plaintiffs any part of the goods the defendant had obtained from them. The contention of the plaintiffs was that the defendant obtained the concession through them, and had never at any time offered to return this concession. Indeed, the uncontradicted evidence on the trial was that the defendant never at any time offered to restore the personal property, or relinquish the concession to operate the roast-beef stand and lunch-counter privileges at Ponce de Leon spring. The exception to the court's statement of the plaintiffs' contention, contained in the 14th ground of the motion is, for the reasons just above stated, likewise without merit. An inspection of the excerpts from the charge of the court, brought up in the motion for new trial, shows that the contentions of both parties were clearly and impartially submitted. See *Atlanta Street Ry. Co.* **v.** *Bagwell,* 107 *Ga.* 157 (33 S. E. 191) ; *Jordan* v. *Downs,* 118 *Ga.* 544 (3), (45 S. E. 439).

The instruction of which complaint is made in the 15th ground of the motion,—"you can look to the credibility of the witnesses and their interest and want of interest, and also their personal credibility, so far as the same may appear legitimately from the trial,"—is not apt in its statement, but we do not think the error harmful in view of the evidence in this case; nor is it probable that the jury were misled, as insisted by counsel for plaintiff in error, into believing that they could determine the credibility of the witnesses from outside sources, instead of from what might legitimately appear on the trial. The repetition of the rule (correctly stated in the second instance) immediately preceding the

use of the words, "so far as the same may legitimately appear from the trial"—was a limitation upon the first inapt statement, which an ordinarily intelligent jury would not be slow to apprehend.

6. In the 16th ground it is insisted that the court erred in submitting to the jury the defendant's contention that he was entitled to recover the $25 which had been paid by him; and it is contended that this omission of the court must have impressed the jury that the court attached no weight to the defense of the defendant. The court did not err in this respect against the defendant. The error, if any, was against the plaintiffs. The plaintiffs' case was that they had sold the defendant a roast-beef stand and lunch-counter privileges, with personal property used to operate said lunch counter, for the sum of $200; that they had been paid $25 of the amount, and that the balance, $175, was to be paid upon the signing of a contract by the defendant with the Ponce de Leon Amusement Company. The contention of the defendant was, that, besides the concession to run the roast-beef stand and lunch-counter privileges, and the personal property, he had also bought the building in which this stand was operated, and that as the building did not pass to him from the plaintiffs, he asked for the $25 he had paid them. The court instructed the jury that if the plaintiffs had sold the defendant the house in which the stand was operated, and could not deliver the building, the defendant was entitled to a verdict in his favor. It appears, from the evidence, that this was a more favorable instruction than the defendant was entitled to have given. The plea, in so far as the $25 was concerned, amounted to nothing. It can not be construed as a plea of recoupment, because it does not set out any damages to the defendant from the breach of the contract. It is fatally defective as a plea of rescission, because the defendant does not offer to return the plaintiffs any of the goods or rights which he secured from them, and thus put them back in the position they occupied before the contract was made. The answer of the defendant can not be treated as a good plea of failure of consideration, because the value of the property turned over by the plaintiffs to him is not alleged, nor is the value of the property which he failed to get sufficiently shown.

The judge would have been fully justified, under the evidence

in the case, in making no reference whatever to the $25. In our view of the case, the uncontradicted evidence disclosed by the contract, which the defendant admitted he signed, in the absence of any evidence that he had offered to restore the concession and personal property he received, leaving all other evidence out of consideration, required the verdict found by the jury. The defense offered by the defendant is so plainly without merit that we would have been justified in omitting any discussion of the points upon which a new trial is asked.          *Judgment affirmed.*