### 7241.  BOWMAN & TARPLEY *v.* ATLANTIC ICE AND COAL CORPORATION.

1. Error in sustaining an objection to the admissibility of testimony is cured if subsequently the testimony be admitted.
2. Where a bill of lading is executed in triplicate by the same stroke of the pen, any one of the three papers may, upon proper identification, be used as an original. Especially is this true in this case, the evidence showing that one of the triplicate bills of lading was delivered to the defendant, one to the railroad company, and the other retained by the plaintiff; the one retained by the plaintiff being marked "original," and it being the one offered in evidence.
3. A provision in a contract for the sale of goods, "the cash for the amount wanted to accompany each order," does not require the court to charge the jury that the plaintiff could not recover if credit was extended.

DECIDED JANUARY 23, 1917.  REHEARING DENIED FEBRUARY 1, 1917.

Complaint; from city court of Carrollton—Judge Beall. December 14, 1915.

*Leon Hood,* for plaintiffs in error.

*Buford Boykin, Raymond Robinson,* contra.

LUKE, J. This is an action by the Atlantic Ice and Coal Corporation against Bowman & Tarpley upon an account. The right of action arises by reason of a contract entered into between the

plaintiff and the defendants wherein the plaintiff agreed to ship ice to the defendants at Bowdon, Ga., at a stated price. The contract provides that it is not transferable except upon the written consent of the Atlantic Ice and Coal Corporation. It contains the further language: "The cash for the amount wanted to accompany each order." The plaintiff contended that it shipped, pursuant to the contract, ice to the amount of $131.50. The defendants pleaded that "while the ice was shipped, yet the partnership of Bowman & Tarpley did not receive the ice; that the ice was received by. Bowman & Williams, another partnership: that A. J. Bowman, a member of both partnerships, notified the plaintiff at the time the first order was placed for ice of the dissolution of the firm of Bowman & Tarpley and the formation of a new partnership of Bowman & Williams, and instructed the plaintiff to ship the ice to the new partnership." The trial of the case resulted in a verdict favorable to the Atlantic Ice and Coal Corporation. Bowman & Tarpley excepted to the rulings of the court in. the admission of evidence, and to the charge of the court.

1. The first assignment of error is that the court refused to permit the defendants during the trial to prove by the plaintiff's manager, Mr. Hancock, that he had actual knowledge of the dissolution of the partnership before any ice was shipped under the contract, such knowledge having been given by the said A. J. Bowman. When the defendant first undertook to make this proof while Mr. Hancock was testifying, the court did rule out the evidence, and that ruling was adhered to when objection was made while A. J. Bowman was testifying, but the record shows subsequently that A. J. Bowman testified without objection as follows: "I told him (Mr. Hancock, the manager of the Atlantic Ice and Coal Corporation) that the firm of Bowman & Tarpley had been out of business about six weeks, and that Bowman & Williams had purchased the German restaurant at Bowdon and had repacked the ice-house and had overhauled it, and if they wanted to sell Bowman & Williams at the price contracted for with Bowman & Tarpley, to send it ahead, and he sent it." The first shipment of ice was shipped to Bowman & Williams, and the balance of the ice was shipped to Bowman & Williams, and such payments as were made on the ice were made by Bowman & Williams. Mr. Hancock, the manager of the Atlantic Ice and Coal

Corporation, the person with whom contract and all conversations were had, was recalled as a witness and permitted without objection to testify: "I have heard what Mr. Bowman said about having a conversation with me in May over the telephone, and that he told me that Bowman & Tarpley had dissolved, and that Bowman & Williams had formed a partnership and I could ship the ice to them on those terms. I never had any such conversation. I never knew about Bowman & Williams." These witnesses having, subsequently to the objections which were overruled, answered without objection the questions objected to, the issues were submitted to the jury, and the error, if any, was cured.

2. Error was assigned upon the admission of the bills of lading covering the several shipments of ice sued for, the objection offered being that copy bills of lading were in evidence instead of originals. The record shows that the bills of lading were executed in triplicate and made with one stroke of the pen, and that the one admitted was marked "original." One of the bills of lading was sent to the railroad, one to Bowman & Tarpley, and the other was retained. The one introduced in evidence was the one retained by the shipper. In Greenleaf on Evidence, § 561, it is said: "There are three cases in which notice to produce is not necessary: first, where the instrument to be produced and that to be proved are duplicate originals; for, in such case, the original being in the hands of the other party, it is in his power to contradict the duplicate original by producing the other, if they vary; secondly, where the instrument to be proved is in itself a notice, such as a notice to quit, or notice of the dishonor of a bill of exchange; and, thirdly, where, from the nature of the action, the defendant has notice that the plaintiff intends to charge him with possession of the instrument, as, for example, in trover for a bill of exchange." Also see *American Tie and Timber Co.* v. *Tyler,* 18 *Ga. App.* 640 (90 S. E. 86); *Lewis* v. *Phillips-Boyd Publishing Co.,* 18 *Ga. App.* 181 (89 S. E. 177). This ground is without such merit as would entitle the plaintiff in error to a reversal of the judgment of the lower court.

3. The plaintiff in error excepts because the judge failed to charge the jury that, if the contract provided that no ice was to be shipped unless the cash accompanied the order, there could be no recovery. The language in the contract, "the cash for the

amount wanted to accompany each order," would not defeat the plaintiff's right to recover for the ice sold and delivered simply because credit was extended to the purchaser. This ground of exception is without merit.

There was evidence to support the verdict.

*Judgment affirmed.  Wade, C. J., and George, J., concur.*