## 12517.   MARTIN & LANIER PAINT CO. *v.* DANIELS.

1, 2. No error appears in the allowance of an amendment to the answer, and in overruling a general demurrer to the amended answer.

3. Error without injury in overruling a special demurrer is no cause for reversal.

4. Duplicate-original letters (carbon copies made by the same pencil at the same time), with testimony that the letters were properly addressed, stamped, and posted by the defendant to the plaintiff, were admissible in evidence, without any notice to produce the letters so mailed.

(*a*) Affidavits of all the partners of the plaintiff company, that no such letters had been received by them or by the company, were not admissible as evidence, and, though read by counsel for the plaintiff in response to a notice to produce such letters, were properly disregarded by the court.

(*b*) Though an order for goods be not subject to countermand, yet if before they are shipped the buyer countermand the order by letter, the seller's remedy is by action for breach of the contract, not by suit on open account for the price of the goods.

5. The evidence authorizing a finding that the goods sent to the defendant were not the goods he ordered, a verdict in his favor was supported.

DECIDED JULY 26, 1921.

Complaint; from city court of Blakely — Judge Gray. February 22, 1921.

*E. L. Smith,* for plaintiff.   *B. W. Fortson,* for defendant.

BROYLES, C. J. 1. The court did not err in allowing the amendment to the defendant's answer.

2. The amended answer was not subject to general demurrer.

3. Conceding that the court erred in overruling some of the special demurrers interposed to the amended answer, it appears with reasonable certainty from the facts of the case that no injury resulted to the plaintiff in error; and therefore a new trial will not be granted because of such errors. See, in this connection, *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (71 S. E. 691).

4. Upon the call of the case for trial, counsel for the plaintiff company, in response to a notice from the defendant to produce certain letters alleged to have been mailed to the plaintiff, read affidavits from all the partners of the plaintiff company, showing that no such letters had ever been received by them or the company. Subsequently upon the trial the defendant was permitted, over the plaintiff's objection, to prove that he had written such letters to the plaintiff company and had properly addressed and stamped the envelopes and placed them in the post-office; that his

return address was upon the envelopes, and that the letters had never been returned to him; that the letters which he (the defendant) held in his hands were duplicate or carbon copies of the letters mailed to the plaintiff company — that they were made by the same pencil at the same time. The plaintiff objected to this evidence, and also to the introduction of the letters themselves, on the grounds that the originals of the letters had not been sufficiently accounted for to authorize the introduction of secondary evidence, and that the evidence was irrelevant and immaterial, since the uncontradicted affidavits of all the members of the plaintiff company, which were read in response to the notice to produce the letters, showed that the letters had never been received by the company, and therefore the presumption that they had been received was completely rebutted. Another ground of objection to one of the letters was that it countermanded the order for the goods in question, which order was not subject to countermand. These grounds were properly overruled, for the following reasons: First, the letters admitted in evidence were not copies, but were " duplicate originals," and could have been introduced in evidence without any notice " to produce." *Bowman* v. *Atlantic Ice &c. Cor.*, 19 *Ga. App.* 115 (2) 117 (91 S. E. 215) and citations. Second, the affidavits of the members of the plaintiff company, read in response to the notice to produce, were not admissible as evidence and were not put in evidence during the trial of the case, and were properly disregarded by the court. Third, the fact that one of the letters countermanded an order which was not subject to countermand did not render the letter inadmissible. The plaintiff was suing upon an open account; and while the order for the goods sold provided that it was not subject to countermand, yet if the defendant did in fact countermand it before the goods were shipped, while this would not relieve him from liability, the plaintiff could not maintain an action upon an open account for goods sold and delivered, but would have to sue for a breach of the contract.

5. The evidence authorized a finding that the goods shipped to the defendant were not the goods ordered by him, and the verdict in his favor was supported by the evidence. The court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*