## 17687.  BENNETT *v.* IGLEHEART BROTHERS.

STEPHENS, J.  1. Where the plaintiff testifies that he deposited in the United States mails a letter properly stamped and addressed to the defendant, the presumption arising therefrom that the letter was received by the defendant is not conclusively rebutted by the testimony of the defendant himself that he did not receive the letter, where the defendant is contradicted in other material portions of his testimony by the evidence introduced, thus authorizing the jury to find that the defendant has been successfully impeached and that his testimony to the effect that he did not receive the letter is incorrect. Although the defendant in this case testified positively that he did not receive the letter, and further testified that he did not receive any letters whatsoever from the plaintiff, yet there having been introduced in evidence a letter from the defendant to a representative of the plaintiff, in which the defendant made reference to facts stated in a letter written by the plaintiff, directed to the defendant, a few days prior to the date of the defendant's letter, thus authorizing the inference that the defendant admitted the receipt of a letter from the plaintiff, and it appearing from the evidence that, at the time the plaintiff's letter, which was addressed to the defendant under his trade name, as the Grady Grocery Company, should in the due course of mail have been received by the defendant, and that the defendant employed at his place of business a bookkeeper, who in his testimony failed to deny that the letter had been received, the jury would be authorized to infer that the defendant was mistaken in his testimony to the effect that he had not received the particular letter from the plaintiff, the receipt of which the defendant had denied. *Strauss* v. *Pearlman,* 15 *Ga. App.* 86 (82 S. E. 578)'.

2. In a suit by the alleged seller against the alleged buyer of certain personalty under a contract which the plaintiff alleged arose by the plaintiff's acceptance of an offer made by the defendant, which acceptance the plaintiff testified had been communicated to the defendant in a letter which the plaintiff testified had been placed in the United States post-office, properly stamped and addressed to the defendant, and which the defendant in his testimony denied receiving, where the evidence was as above indicated, the jury were authorized to find that the acceptance of the plaintiff had been communicated to the defendant and that a contract between the parties had thereby arisen.

3. Where the contract sued upon is evidenced by an order by the defendant as buyer to the plaintiff as seller for the shipment of a number of barrels of flour, and where the order contains a provision, "time of shipment, 90 days buyer's option.  Routing L. & N. A. C. L. 10¢ bbl. per mo. beyond," this provision does not give the buyer an option to refuse to accept the goods within the ninety-day period and thereby be relieved from his obligation under the contract, but gives the buyer

Contracts, 13 C. J. p. 782, n. 65.
Evidence, 22 C. J. p. 101, n. 41; p. 102, n. 44.
Sales, 35 Cyc. p. 83, n. 7; p. 166, n. 2.

the right only to call for shipment of the goods ordered at any time within this period.

4. Where parties have orally agreed upon the terms of a contract, and one of the parties prepares it in writing and delivers it to the other for his signature, representing to the latter that the writing contains the terms of the contract in a certain particular, whereas in fact the writing does not contain these terms but contains other terms, and where the party to whom the writing is delivered is able to read but signs the writing without reading it, because the party handing it to him is in a hurry to catch a train, and can not wait for the contract to be read, the signing of the writing under such circumstances is not conclusively, as a matter of law, induced by fraud, but a jury may infer that the party signing the writing did so not as a result of the fraud perpetrated upon him but as a result of his own negligence and carelessness in not reading the writing before signing it.

5. The verdict found for the plaintiff was authorized by the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1927.

Breach of contract; from city court of Cairo—Judge Rigsby. September 13, 1926.

*W. H. Duckworth,* for plaintiff in error. *S. P. Cain,* contra.