35767.  CAMPBELL *v.* PURE OIL COMPANY *et al.*

DECIDED JULY 15, 1955.

*Gary Hamilton, Maddox & Maddox,* for plaintiff in error.
*John M. Williams,* contra.

CARLISLE, J.  This is an appeal from a judgment of a superior court affirming an award of the State Board of Workmen's Compensation denying compensation to the claimant on the ground that he failed in his proof to establish that the relationship of employer and employee existed between him and the defendant corporation, Pure Oil Company, at the time of his alleged injury on November 19, 1953.  From the evidence in the record, it appears that the defendant corporation admitted that the claimant became its employee on January 1, 1954, and that he had been discharged with sixty days' pay on February 1, 1954.  The defendant corporation contended, however, that the claimant was, at the time of his alleged injury, the employee of Wofford Oil Company.  The claimant contended, and was attempting to establish by his proof that though he may have been nominally an employee of Wofford Oil Company at the time of his injury, he was, as a matter of actual fact an employee of the defendant corporation, as Pure Oil Company actually owned Wofford Oil Company at that time, and the employees of Wofford were actually treated as, and considered to be, the employees of Pure Oil Company, and that for some reason, unknown to the claimant,

the use of the name of Wofford Oil Company had to be continued until January 1, 1954. There was evidence that the claimant had been paid his salary for many years by checks drawn by the Wofford Oil Company bearing the seal of the Pure Oil Company, and that the claimant carried group insurance under a policy which was available to the employees of the Pure Oil Company "or one of its participating subsidiary and/or affiliated companies." The claimant sought to introduce in evidence a carbon copy (duplicate or triplicate original) of a statement given him at the time of his discharge by Pure Oil Company which itemized the contributions which the claimant had made to the retirement program of Pure Oil Company prior to 1954 and during the period in which he was allegedly injured. From this statement by Pure Oil Company it was inferrable that the defendant corporation had considered the claimant as its employee at the time of his alleged injury. Had this document been permitted in evidence the claimant would have established prima facie that the relationship of employer and employee existed between himself and the defendant corporation, and the burden would then have shifted to the defendant corporation to establish that such was not in fact the case. Duplicate or triplicate originals, made with the same stroke of the pen or typewriter as the original, are admissible as primary evidence (*Bowman & Tarpley* v. *Atlantic Ice &c. Corp.*, 19 *Ga. App.* 115, 91 S. E. 215; *Martin & Lanier Paint Co.* v. *Daniels*, 27 *Ga. App.* 302, 108 S. E. 246; *Pearl Assurance Co.* v. *Nichols*, 73 *Ga. App.* 452, 37 S. E. 2d 227), and the trial director acted in excess of his powers in rejecting and refusing to consider such evidence in arriving at his conclusions of fact in his findings. The superior court erred in refusing to set aside the award denying compensation and in not remanding the case to the State Board of Workmen's Compensation for such action as is necessary in the premises. See in this connection *Hudson* v. *Taylor*, 88 Ga. *App.* 575 (77 S. E. 2d 100).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*