19883. CARMICHAEL TILE CO. *v.* McCLELLAND *et al.*

CANDLER, Justice. D. W. McClelland and R. T. Greene, d/b/a R. T. Greene Tile Company, sued Carmichael Tile Company, a corporation, for $2,077.08 in the Civil Court of Fulton County. So far as need be stated, the amended petition alleged: that the plaintiffs orally agreed to do certain tile work for the defendant; that the defendant was to furnish all of the material and the plaintiffs were to install it for the actual cost of labor to them, plus 25% of such labor cost as their profit or compensation for the work; that the plaintiffs in doing the work actually expended $1,661.66 for labor; and that their profit or compensation of 25% on labor cost was

$415.42. The court overruled general and special demurrers to the amended petition. The defendant, by its answer, denied that it was indebted to the plaintiffs in any amount, and by cross-action alleged that the plaintiffs were indebted to it in the sum of $36 for tile purchased by them for partnership use. On the trial and after the parties had introduced their evidence, the defendant moved for a directed verdict in its favor. Its motion was denied, and the jury returned a verdict in favor of the plaintiffs for $2,007.95. The defendant, in due time, filed a motion for a judgment notwithstanding the verdict, and also a motion for new trial on the usual general grounds, which it later amended by adding several special grounds. The motion for a judgment notwithstanding the verdict was granted, and the plaintiffs sued out a writ of error to the Court of Appeals. That court reversed the judgment of the trial court and denied a motion for rehearing. *McClelland v. Carmichael Tile Co.*, 94 *Ga. App.* 645 (96 S. E. 2d 202). The remittitur was made the judgment of the trial court on March 8, 1957, and on the same day the trial judge rendered a judgment in favor of the plaintiffs for $39.25 against the defendant for costs incident to the appeal. The defendant's amended motion for a new trial was denied on April 9, 1957, and the movant excepted to that judgment and again carried the case to the Court of Appeals. The members of that court, while sitting as a body to consider the case, were equally divided as to the judgment which should be rendered—Quillian, Carlisle, and Nichols, JJ., being for affirmance and Felton, C. J., Gardner, P. J. and Townsend, J., being for reversal; hence the case was transferred to this court for decision under article 6, section 2, paragraph 4, of the Constitution of 1945 (Code, Ann., § 2-3704). *Held:*

1. The exception to the judgment rendered on March 8, 1957, which taxed the costs of the former appeal of this litigation against the defendant is without merit. Where costs are illegally taxed against a litigant, his remedy is a motion to retax the costs, and not by writ of error in the first instance. *McDonald* v. *Dabney*, 161 *Ga.* 711 (3) (132 S. E. 547), and citations; *Faison* v. *Lanier*, 164 *Ga.* 742 (4) (139 S. E. 540); *Hicks* v. *Atlanta Trust Co.*, 187 *Ga.* 314 (1) (200 S. E. 301). If, on the hearing of such a motion, the court should tax against the movant any costs for which he is not liable, such

error could be reached and corrected by a writ of error complaining of that judgment. *Baker* v. *Bancroft,* 79 *Ga.* 672 (5 S. E. 46) ; *McDonald* v. *Dabney,* supra.

2. Error is assigned in the bill of exceptions on the judgment overruling all of the defendant's demurrers to the amended petition except one. This exception cannot be considered; it comes too late. When this litigation was formerly before the Court of Appeals (94 *Ga. App.* 645, 96 S. E. 2d 202), the exception was to a final judgment and each writ of error prosecuted to that court, or to this court, which assigns error on such a judgment brings under review all errors of law alleged to have been committed prior to the time it was issued; and if the complaining party is the defendant in the first writ of error, he should by cross-bill of exceptions assign error on all antecedent rulings adverse to him, and by his failure to then do so he waives his right to except later to them. *Hodgkins* v. *Marshall,* 102 *Ga.* 191 (29 S. E. 174) ; *Gaulding* v. *Gaulding,* 210 *Ga.* 638 (1) (81 S. E. 2d 830), and the cases there cited. Since the exception to the judgment overruling the demurrers came too late to be considered, that ruling, whether right or wrong, became the law of the case.

3. In the first special ground of the motion for new trial, which is numbered 4, and in the one numbered 6, the movant alleges that a new trial should be granted because the trial judge erred in admitting over objection certain oral evidence. These grounds of the motion are without merit, since another witness for the plaintiffs was permitted to testify to substantially the same facts without objection. *Payne* v. *Miller,* 89 *Ga.* 73 (14 S. E. 926) ; *Waters* v. *Wells,* 155 *Ga.* 439 (4) (117 S. E. 322) ; *Wheeler* v. *State,* 179 *Ga.* 287 (2) (175 S. E. 540).

4. Special ground 5 of the motion alleges that the trial judge erred in refusing to allow in evidence a carbon copy of a letter which the defendant purportedly wrote the plaintiffs on March 24, 1955, showing that the defendant was to pay the plaintiffs $800 for the tile work they agreed to do for it. This carbon-copy letter states that it is confirmation of an oral contract made a day or so before it was written respecting the tile work the plaintiffs were to do for the defendant, and that they were to be paid $800 for such work. As to the rejected document, a secretary of the defendant company testified on direct examination that it was a carbon copy of a letter dic-

tated to him by Dan L. Carmichael, Jr., which he typed on March 24, 1955; that it was made by the same stroke upon his typewriter; that the original letter was signed by Dan L. Carmichael, Jr., vice-president of the company; that it was folded by the witness, put in an envelope properly addressed to the plaintiffs, and a sufficient amount of postage was placed on the envelope; that he put the envelope containing the original letter in the defendant company's outgoing mail basket; and that it was an office custom and practice to mail all letters placed in such outgoing mail basket. And on cross-examination this witness testified: "I don't remember whether the postman picked it up or whether it was placed in the mail that evening." Dan L. Carmichael, Jr., testified for the defendant that the rejected document was a carbon copy of a letter which he dictated and which was typed by his company's secretary, and that the original letter was mailed. The plaintiff Greene testified that he did not receive such a letter from the defendant; but, as to its delivery or nondelivery, the plaintiff McClelland, who was also the partnership's bookkeeper, did not testify. Where a letter is properly addressed, duly stamped, and deposited in the mail, there is a presumption that it was received. *National Building Assn.* v. *Quin,* 120 *Ga.* 358 (3) (47 S. E. 962) ; *Bankers Mutual Casualty Co.* v. *Peoples Bank of Talbotton,* 127 *Ga.* 326 (2) (56 S. E. 429). But this presumption is rebuttable, and is entirely overcome by the uncontradicted evidence of the addressee that it was never received. *Hamilton* v. *Stewart,* 108 *Ga.* 472 (34 S. E. 123), and citations. In this case the presumption that the original letter was received by the plaintiffs was not overcome by the testimony of only one of the two members of the partnership that he did not receive it (*Darby* v. *McIntyre,* 49 *Ga. App.* 115, 174 S. E. 181; *Bennett* v. *Igleheart Bros.,* 37 *Ga. App.* 200, 139 S. E. 431) ; and, since all papers executed by the same stroke upon a typewriter—those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter—are alike originals, it was error to exclude from evidence the offered carbon copy of the letter from the defendant to the plaintiffs. *Anderson* v. *Tate,* 141 *Ga.* 840 (82 S. E. 246) ; *Simpson* v. *Charters,* 185 *Ga.* 592 (196 S. E. 31) ; *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275 (3) (65 S. E. 35) ; *Lewis* v. *Phillips-Boyd Publishing*

*Co.*, 18 *Ga. App.* 181 (89 S. E. 177); Greenleaf on Evidence § 561. Compare *Myers* v. *Adcock*, 198 *Ga.* 180 (31 S. E. 2d 160).

5. Over an objection by the plaintiffs, the court refused to permit Dan L. Carmichael, Jr., a witness for the defendant, to testify: "At the time I talked to Mr. Greene he told me he and his crew of men could do that job in five days, one week." This testimony was offered by the defendant after the plaintiffs had finished introducing their rebuttal testimony, and it was not in rebuttal of any testimony thus introduced by them. Its admission was therefore within the discretion of the trial judge, and there is nothing in the record which would authorize a holding that he abused his discretion in repelling it. *Georgia R. & Bkg. Co.* v. *Churchill*, 113 *Ga.* 12 (38 S. E. 336).

6. The judge in his charge and recharge to the jury directed it to return one of two verdicts, namely, one in favor of the plaintiffs for $2,007.95, as contended by them, or one in favor of the plaintiffs for $764, as an amount admitted during the trial to be due them by the defendant. The movant, in special ground numbered 8 of its motion for new trial, alleges that this portion of the charge was erroneous because in no event was a verdict for the plaintiffs for $2,007.95 demanded by the evidence. One item which the plaintiffs sought to recover, and which was a part of the $2,007.95 contended for by them was $1,635.16, which they allegedly expended for labor in doing the work they agreed to do for the defendant. To prevail as to this, it was necessary for the plaintiffs to prove by a preponderance of the evidence not only that such an amount was actually expended by them for labor in doing the work for the defendant, but also that it was a fair and reasonable charge for such labor. In this connection, see 17 C. J. S. 826, § 367-b, and the cases cited in the note thereunder. The defendant introduced evidence, without objection, which would have authorized the jury to find that the tile should have been installed by the plaintiffs during a much shorter period than the time consumed and charged therefor by them; and that, under the per-hour scale of wages paid by the plaintiffs for labor, $828 would have been a fair and reasonable charge for all labor required to perform the contract; and, as to such a contract, the rule of fair dealing is, of course, applicable just as it is to all other contracts. Respecting the cost of the

labor which the plaintiffs performed for the defendant, the record shows the following: D. L. Carmichael, Jr., a witness for the defendant, testified on cross-examination that he had a telephone conversation with D. W. McClelland, one of the plaintiffs, after the tile was installed; and that McClelland then advised him that the defendant was due the plaintiffs about $1,725 for the cost of labor. When this litigation was instituted, the petition alleged that the cost of labor for the work which the plaintiffs performed for the defendant was $1,659.24; but on the trial the plaintiffs introduced documentary evidence showing the cost of such labor to be only $1,635.15. While the jury was authorized to find from the evidence that the contract between the parties was on a cost-of-labor plus 25% profit basis, the evidence did not demand a finding that the plaintiffs were entitled to recover $1,635.15 for the necessary cost of labor. By that portion of the charge complained of, the jury was instructed that, if it found from the evidence that the contract between the parties was a cost-of-labor plus 25% one, as the plaintiffs contended, then it should find a verdict in favor of the plaintiffs for the full cost of labor as claimed by them. In this respect the charge was erroneous, since it withdrew from the jury's consideration the defendant's evidence respecting the fair and reasonable cost of such labor. Hence this ground of the motion is meritorious.

7. The evidence in this case is in sharp conflict. From the plaintiffs' evidence, the jury was authorized but not required to find that they orally agreed to do certain tile work for the defendant for the actual cost of labor to them plus 25% of such labor cost as a profit to them; that they performed the contract satisfactorily at a labor cost to them of $1,635.16; that their contract profit for the work was $408.79; and that, from the total amount of $2,043.95 due them by the defendant, $36 which they were due the defendant for tile should be deducted, leaving a balance due them of $2,007.95. And from the defendant's evidence the jury was authorized but not required to find that the plaintiffs orally agreed to do the same tile work for the defendant for $800; that the plaintiffs did the work in a satisfactory manner; and that the plaintiffs were entitled to a judgment against the defendant for $800 less an account for $36, which they were due the defendant for tile. Since the jury was authorized by the evidence to find a

verdict in favor of the plaintiffs for $2,007.95, it necessarily follows that the general grounds of the motion for new trial are without merit. And this is especially true since the verdict has the approval of the trial judge.

8. Only for the reasons stated in divisions 4 and 6 is the judgment complained of erroneous.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Mobley, J., who dissent from the ruling in division six of the opinion.*

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957.

*Albert E. Mayer, Ward, Brooks, Parker & Daniel, Wm. W. Daniel, Jule W. Felton, Jr., Crenshaw, Hansell, Ware & Brandon,* for plaintiff in error.

*A. Mims Wilkinson, Jr., Abit Massey,* contra.