47856. BUILDERS HOMES OF GEORGIA, INC. v. WALLACE PUMP & SUPPLY COMPANY, INC. et al.

CLARK, Judge. Wallace Pump & Supply Company, Inc. sued D. F. Norman d/b/a D. F. Norman Well Drilling Company and Builders Homes of Georgia, Inc. The suit was based upon merchandise sold to Norman Well Drilling Company which was used on construction jobs of Builders Homes. The basis for including Builders Homes as a party defendant was a purported letter of

guaranty signed by Don Daniel in behalf of Builders Homes, he being their employee at that date. Liability upon this guarantee was denied on the basis of his lacking such authority as to bind Builders Homes. Separate verdicts, each for the full amount claimed, were returned against the two defendants.

After judgment was entered Builders Homes filed a motion for judgment n.o.v. or in the alternative a new trial. From an order overruling the motion Builders Homes has taken this appeal. For convenience we will refer to Wallace Pump as plaintiff and Builders Homes as defendant, as the co-defendant has taken no appeal.

1. The first enumeration of error avers the court erred in allowing the employee who signed the letter to testify as to his responsibilities without producing a written list of responsibilities which he had received from his employer at the time he entered its employment. The contention is that this violates the best evidence rule. Inasmuch as the witness was not undertaking to prove the document the oral testimony was properly admissible. "It is not contrary to the best evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental. In such a situation the rule requiring production of original writings has no application." *Peterson v. Lott,* 200 Ga. 390, 392 (37 SE2d 358).

2. Enumerations number 2 and 3 contend the trial court erred in allowing testimony concerning the letter of guaranty without first establishing that the signer was the defendant's agent. Defendant's general manager testified the witness was employed by defendant as construction coordinator, with power to purchase and contract for certain items if approved by the general

manager or the director of production. In the performance of these duties the employee was defendant's agent. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code § 4-101. Therefore, so long as the employee acted within the scope of his employment, he continued to be defendant's agent.

Plaintiff contends that the employee actually obtained company approval before issuing the guarantee, which defendant denies. Whether the agent exceeded his authority was a factual question under the evidence. "The weight and sufficiency of evidence is solely a matter for the jury, and any relevant testimony which logically tends to prove, or disprove, any material fact at issue in the case should not be excluded from the jury's consideration." *Georgia Savings Bank &c. Co. v. Marshall,* 207 Ga. 314 (3) (61 SE2d 469). "All the circumstances of a transaction may be submitted to the jury, provided they afford any fair presumption or inference as to the matter in issue." *Kutzchan v. State,* 68 Ga. App. 121 (1) (22 SE2d 410).

3. Defendant argues the trial judge should have required the production of some written instrument authorizing the employee to act as agent for the company in signing the guaranty. This is based upon the "equal dignity rule" which provides that the act creating the agency shall be executed with the same formality as the law prescribes for the execution of the act for which the agency shall be created. Code § 4-105. This is premised upon our Statute of Frauds which requires that a promise to answer for the debt, default, miscarriage of another must be in writing. Code § 20-401 (2). This contention was answered adversely in *Brandon v. Pritchett,* 126 Ga. 286 (1) (55 SE 241, 7 AC 1093): "There is no statute in this state requiring the authority to

make the memorandum required by the statute of frauds to be in writing, and such authority may be conferred by parol." An earlier decision by this court, *McNamara v. Ga. Cotton Co.,* 10 Ga. App. 669 (73 SE 1092), and numerous subsequent cases have ruled similarly.

4. Enumeration of error number 4 contends error in the court admitting into evidence carbon copies of letters from plaintiff to defendant. "Duplicate or triplicate originals, made with the same stroke of the pen or typewriter as the original, are admissible as primary evidence. [Cits.]" *Campbell v. Pure Oil Co.,* 92 Ga. App. 523, 524 (88 SE2d 630). In accord is *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 659 (100 SE2d 902). This enumeration is therefore without merit.

5. Enumeration number 5 contends the trial judge erred in giving the following charge: "I charge you that if on the trial of the case it should appear that the officers were without authority to execute the various contracts, but did in fact execute them, and the fruits thereof were applied to the proper corporate use, the corporation will still be liable notwithstanding its officers may have been without specific authority to execute the particular form of contract." (T. 129). "A general assignment of error upon a designated portion of the judge's charge will be considered for the purpose of ascertaining whether or not the particular language thus complained of states a correct abstract principle of law. (a) If it does, then the investigation here must end; for in the absence of a specific assignment of error, this court will not inquire whether the words excepted to are or are not adjusted to the issues and facts of the case." *Anderson v. Southern R. Co.,* 107 Ga. 500 (4) (33 SE 644). This charge is correct and accurate as an abstract principle of law. See Code §§ 4-302, 4-303; *Campbell Coal Co. v. Manchester Baptist Church,* 46 Ga. App. 729 (169 SE 59).

The trial court applied this charge in the following manner: "Where A assuming to act as the agent of a corporation, makes a contract for the corporation with a third party, which contract A has no legal authority from the corporation to execute, and where, however, the corporation receives a valuable benefit from the making of the contract, such acts of the corporation shall ratify the unauthorized act of A in executing the contract for the corporation, and renders the corporation liable on the contract." (T. 129, 130). This also is correct and accurate as an abstract principle of law. Taking the charge as a whole, the trial judge has clearly explained and adjusted it to the facts sub judice. This enumeration is therefore without merit.

6. "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury . . . It was the province of the jury, and theirs alone, to put their appraisal upon the proofs submitted to them." *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891). The evidence adduced at the trial supported the verdict on either theory: (1) defendant's agent did obtain approval of the guarantee and was therefore acting within the scope of his authority; or (2) defendant was estopped to deny the guarantee as it accepted the benefits under the agreement. For a factual situation analogous to that presented in this appeal see *Atlanta Biltmore Hotel Corp. v. Martell,* 118 Ga. App. 172 (162 SE2d 815). The trial court did not err in overruling defendant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED APRIL 13, 1973.

*Smith, Gardner, Wiggins, Geer & Brimberry, Charles F. Hatcher,* for appellant.

*Thomas Wm. Malone & Assoc., Robert L. Kraselsky,* for appellees.