## 49014. BAITCHER v. LOUIS R. CLERICO ASSOCIATES, INC.

PANNELL, Presiding Judge.

Plaintiff sued for the balance due on a contract entered March 26, 1969, for the interior design of a restaurant and the furnishing of lighting fixtures and furniture for it. Defendant denied any indebtedness existed and raised the defense of accord and satisfaction. The defendant also claimed that he had to employ others to repair work improperly performed by plaintiff and to complete certain other work not performed as agreed.

On April 4, 1972, the complaint was filed and on May 8, 1972, defendant filed its answer. On February 22, 1973 defendant moved for leave to file a counterclaim and an amendment to answer by adding counterclaim. On February 26, 1973, plaintiff filed motions to strike. Following a hearing, the trial judge, on March 23, 1973, denied the motion to allow the counterclaim and sustained the motions to strike. Following a trial on June 14, 1973 before the judge sitting without a jury, judgment was entered against the defendant in the amount of $20,518.25. On June 19, 1973 defendant moved for a new

trial which, following a hearing on September 20, 1973, was denied. Defendant appeals from the judgment entered on June 14, 1973, and from the order denying a new trial. *Held:*

1. Appellant's initial enumeration alleges that the court erred in not allowing the filing of the counterclaim. The granting of motion for leave to file the latter is discretionary with the court. Code Ann. § 81A-113 (f). "Before a delayed filing of a counterclaim is allowed, the court should require the submission of evidence and make a finding therefrom as to whether the delay was occasioned by oversight, inadvertence or excusable neglect. A finding of oversight or of inadvertence is unsupported if it appears *from the pleadings or the facts* that the defendant or his counsel had knowledge of the existence of the claim when the defensive pleadings were prepared and filed in the first instance. 'It is true that as a general rule, leave to amend [and to set up a counterclaim] shall be given freely, but this does not dispense with the necessity of showing that justice so requires. [Cit.]' " *Blount v. Kicklighter,* 125 Ga. App. 159, 161 (186 SE2d 543).

Evidence in the instant cases clearly reflects that defendant and his counsel had knowledge of the counterclaim when the answer was filed some eight months earlier. The court found that the delay was not due to oversight, inadvertence or excusable neglect. We find no abuse of discretion and that there is no error.

2. Appellant complains that the trial judge erred in permitting the introduction of parol evidence to attack a memorandum of an executed contract of accord and satisfaction. The testimony complained of was to the effect that plaintiff had written and furnished a letter indicating that the total cost of the work performed had been paid in full so that defendant could satisfy certain creditors and thereby enable plaintiff to get money owed him by defendant. Parol evidence is admissible to show that the writing was either originally void or subsequently became so. Code § 38-503. "Parol evidence here was admissible to deny the existence of a valid written contract, and not to contradict it." *Eastern Motor Co. v. Lavender,* 69 Ga. App. 48, 49 (24 SE2d 840). We find

no error.

3. Appellant enumerates that the court erred in failing to grant his motion for dismissal on the ground that upon the facts and the law, the plaintiff had shown no ground for relief. In the instant case, the court as the trier of facts rendered judgment against the defendant. See Civil Practice Act § 41 (b). It is only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict that such verdict shall be directed. Civil Practice Act § 50. The converse here prevails and we find no error. The provision of Section 15 of the Civil Practice Act, as amended (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694; Code Ann. § 81A-115 (a)) permitting amendment without order of court prior to pre-trial order, has no relationship to and does not permit by amendment the late pleading of a counterclaim, which can only be done by order of the court under Section 13 (f) of the Civil Practice Act (Ga. L. 1966, pp. 609, 625; Code Ann. § 81A-113 (f)).

4. Appellant complains that the court erroneously admitted certain plaintiff's exhibits in violation of the best evidence rule. The exhibits were carbon copies of documents purportedly mailed to defendant, who denied having received the originals. Assuming, arguendo, that proper objections to these exhibits were made at proffer the enumeration is without merit. "[A]ll papers executed by the same stroke upon a typewriter — those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter — are alike originals . . ." *Carmichael Title Co. v. McClelland,* 213 Ga. 656, 659 (100 SE2d 902). "[D]uplicate or triplicate originals, made with the same stroke of pen or typewriter as originals are admissible as primary evidence." *Campbell v. Pure Oil Co.,* 92 Ga. App. 523, 524 (88 SE2d 630).

5. The remaining enumerations of error have been considered and are found to lack merit.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Evans, J., dissents.*

*Fine & Block, Sturgis Bates,* for appellant.

*Johnston & McCarter, Ralph E. Carlisle,* for appellee.

EVANS, Judge, dissenting.

Defendant enumerates error on the court's failure to allow him to amend his pleadings by adding a counterclaim.

There are two statutes which allow the amendment of such pleadings, to wit: Code Ann. § 81A-113 (f) (§ 13 CPA; Ga. L. 1966, pp. 609, 625) and Code Ann. § 81A-115 (a) (§ 15 CPA; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694).

The first statute permits amending by adding an omitted counterclaim where it is shown that the failure to include same earlier was through oversight, inadvertence, or excusable neglect, or when justice requires. Clearly no proper showing was made under this statute, as the affidavit is made, not by the party but by his counsel, and suggests that the information as to the right to counterclaim did not reach "our office" until after the original pleading had been filed. This was as nearly no showing as could be imagined.

But the next statute, to wit, Code Ann. § 81A-115 (a) is very broad and all-inclusive, as follows: "A party may amend his pleading *as a matter of course and without leave of court at any time before the entry of a pre-trial order.*" (Emphasis supplied.) There was no pre-trial order in this case; consequently, defendant had the right to amend and add the omitted counterclaim "as a matter of course and without leave of court." The trial judge's denial of this right was clearly erroneous.

Simply because defendant was not entitled to amend under Code Ann. § 81A-113 (f) did not lessen or take away from his right to amend under Code Ann. § 81A-115 (a).

As to the damage done defendant through failure to allow this amendment, it has been held that where a right is granted unto a party, and that right is denied him

by the court, the denial is presumptively harmful to the party and constitutes reversible error. See *Lively v. Thompson,* 88 Ga. App. 31, 35 (75 SE2d 846); *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785).

I therefore dissent.