58177. MILLER v. ROSES' STORES, INC. et al.

DEEN, Chief Judge.

1. The appellant filed this action for unlawful detention, which after a jury trial resulted in a verdict for the defendant. Briefly, evidence in behalf of the defendant store and its manager, a co-defendant, was to the effect that certain earrings priced at $1.96 had been placed on a jewelry counter for sale, that the following day the plaintiff approached the counter and, when noticed by the saleswoman, was playing with earrings on her ears which looked new and like those put out for sale; when asked whether she wanted help she handed over a card identical with that of the new earrings with Roses' $1.96 price on them, but the card had earrings which appeared old and rusty. These were introduced in evidence on the trial. A security man spoke with the plaintiff and at one point asked her what was in a knot in her blouse. She untied the knot and testified on the trial that the employee patted her body and forced her to expose her breasts, an

allegation denied by other witnesses.

Under Code § 105-1005 neither the mercantile establishment nor its employee is liable for the detention of persons "reasonably thought to be engaged in shoplifting" where the plaintiff has behaved in such a manner as to cause a person of reasonable prudence to believe the crime was committed, where the time and manner of detention are reasonable. The evidence, although contradicted, was ample to establish a complete defense and thus to support the verdict. *Dixon v. S. S. Kresge, Inc.,* 119 Ga. App 776 (1) (169 SE2d 189) (1969).

2. It is contended that the verdict did not address itself to all the issues in the case. It reads: "We the Jury find that Mr. Richard Cook acting as a Security Guard at Roses Stores, Inc. did have reasonable cause to stop and detain Bonita Miller on 29 June 1974. We find for the defendant."

(a) That the verdict read "defendant" instead of "defendants" is immaterial. In the first place, no objection was made before the jury dispersed. Secondly, a verdict may be amended in a mere matter of form even after the jury have dispersed. Code § 110-111; *Polk v. Fulton County,* 96 Ga. App. 733 (5) (101 SE2d 736) (1967). Thirdly, the jury was instructed: ". . . the form of your verdict could be that if you do not find for the contention of the plaintiff on the general damages or punitive damages or either one, then the form of your verdict would be simply. 'We the jury find for the defendant,' which will mean that the plaintiff would recover nothing." The jury obviously followed this form. Lastly, since the liability of the corporation depends entirely on whether or not the jury found the actions of Cook to be reasonable, which it did, the intention to find in favor of both defendants is obvious from the wording.

(b) The contention that the jury should have set out in haec verba its conclusions of law on the issue of whether Cook had molested the plaintiff is without merit. The only way to obtain such detailed information would have been to follow the procedure relating to special verdicts, Code § 81A-149, which was not done.

3. (a) Whether the plaintiff's actions would cause a reasonably prudent person to believe she was shoplifting

was the main issue in this case. A charge defining this crime (Code § 26-1802 (b)) was both necessary and proper. The salesperson who first noticed the plaintiff's allegedly larcenous actions answered affirmatively to the questions: "You are saying that she swapped earrings. . . she put those earrings on this card and put the ones that were originally on this card on her ears. . . that's what you're contending?" There was, accordingly, evidence to support this instruction.

(b) It is also contended that it was error to give in charge the language of Code § 105-1005, which defines the mercantile defense to a damage suit based on allegedly false arrest or detention growing out of accusations of shoplifting, on the ground that the court did not also instruct on other issues than whether Mr. Cook had reasonable cause to stop and detain the appellant. It is well settled that one cannot complain of an instruction accurate in itself on the ground that some other pertinent and relevant instruction was not given in connection therewith. *Builders Homes &c., Inc. v. Wallace Pump &c. Co.,* 128 Ga. App. 779 (5) (197 SE2d 839) (1973). There was neither a request for further instructions, nor objections prior to verdict on the charge as given.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JULY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*L. Z. Dozier,* for appellant.
*Charles M. Stapleton,* for appellees.